STATE OF IOWA, Appellee, v. FRANK TRUMBAUER, Appellant.

*Phil R. Wilkinson,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *C. E. Hamilton,* County Attorney, for appellee.

STEVENS, J.—I. This, as stated above, is an appeal from a judgment in a prosecution based upon the unlawful possession of instruments used in the manufacture of intoxicating liquors.  The main proposition relied upon for reversal is the alleged insufficiency of the evidence to sustain the verdict. This necessitates a somewhat detailed statement of the record.

The evidence shows that, on or about November 20, 1927, C. B. Cleland, a neighbor of the appellant's, believing that an apparent grave of some kind was located on the premises occupied by him, notified the sheriff, who, upon coming to the spot and removing the earth, found a copper coil and a can capable of being used in the manufacture of alcohol, and an old sweater, some cement sacks, and other things. The notice to the sheriff followed some days after Cleland first discovered the appearance of the place where the instruments were uncovered. There was also found buried with the box containing the coil and can an old coat, from the pocket of which a letter from appellant's sister in Sioux City, addressed to him, and grocery slips bearing the name of appellant, were taken. The letter and memoranda were identified, but none of the witnesses for the State were able to positively testify that the coat belonged to the appellant. Although he went upon the stand in his own behalf, he was unable to state definitely whether the coat was his or not. He admitted having at one time possessed a coat similar to the one offered in evidence. When apprised by the sheriff that the coil and can had been discovered upon, and removed from, his premises, the appellant denied emphatically that he placed them there, or knew of their

existence. A subsequent search of appellant's premises failed to disclose the presence of intoxicating liquors. The spot where the instruments were buried was on the farm of appellant, about a quarter of a mile from his residence, and a few feet from the line between his farm and the one occupied by Cleland. Cleland testified that he had lost a hog, and that, when he discovered the appearance in appellant's field of an apparent grave, he thought perhaps it contained the hog for which he was hunting. He secured the rod of an end gate and, by the use thereof, ascertained that something hard was buried, and a person with him thought he detected an odor coming from beneath the surface. The evidence also disclosed the presence at one side of the grave of a wagon track. It also appeared that the wagon was drawn by a team consisting of a horse and mule. The track was followed for a considerable distance. It was the claim of appellant upon the trial that the mule that had been hitched with a horse to the wagon belonged to Cleland. To support this contention, appellant introduced witnesses who testified that the mule was shod; that they measured the track, and subsequently measured the track of a mule belonging to Cleland; and that the measurements corresponded. The witnesses called by the State testified that the soil was loose, and that the outline of the tracks was not sufficiently distinct to make it possible to determine whether the mule was shod, or to make an accurate measurement.

It is conceded by appellant that he owns mules, but it is claimed that none of them were shod.

It is clear that the question of the sufficiency of the evidence was for the jury. It is true that the evidence did not directly connect the appellant with the possession of the forbidden articles, but they were found upon his premises, in connection with the coat, letter, and grocer's statement.

II. Objection was interposed by counsel for appellant to the offer in evidence of the coat, letter, and grocer's slip, upon the ground that they were not sufficiently identified, or shown  to have ever been in his possession. The objection, we think, was properly overruled. The letter was from a sister of appellant's, who resided in Sioux City, and was addressed to him. The coat was not positively identified, but the witness Cleland testified that he removed the letter and the grocer's slip from the

pocket thereof. The identification of the exhibits was sufficient, and their admission in evidence was proper.

III. Exception was preserved to Instructions 7 and 8. The court in Instruction 7 advised the jury that, if it found from the evidence that appellant owned the land upon which the still and coil were found, and that he was in the possession thereof, this would be sufficient to raise an inference that he had the custody and control of the can and copper coil. The instruction also told the jury that:

"Of course, the defendant is not liable under this indictment if the defendant did not place the same [the instruments] on his premises, or did not know the same were there, or was not concerned in their ownership or possession. It is for you to say, under all the evidence, whether the defendant did or did not have possession of the said still and coil, keeping in mind that, in order to authorize a conviction, the burden is upon the State to establish, as hereinbefore stated, that said still and coil were, at the time alleged, in the possession of the defendant."

In the eighth instruction, the court told the jury that it was not sufficient if the evidence showed nothing more than that the can and coil were capable of being used in the manufacture of intoxicating liquors, but that it was necessary for the State to further show beyond a reasonable doubt that the same were intended by the appellant for such use.

It seems to us that the instructions were not unfair to the appellant. The only possible question involves the seventh paragraph, in which the court refers to the inference that might be drawn from the ownership and possession of the premises. The court did not use the term "presumption," but "inference;" and we think the thought expressed is correct. Under the circumstances disclosed, not only did an inference arise, but it was a strong one.

It is true that the coil and can were discovered in a box buried in the ground approximately one quarter of a mile from appellant's residence; but the presence of the coat, letter, and grocer's slip strongly supports the claim of the State that the forbidden articles were not only known to appellant, but that the

same were concealed by him, and intended for an unlawful purpose.

We have examined the record with all the care the importance of the case demands, and are satisfied that appellant had a fair trial. The judgment is affirmed.—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.